FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 JAN 16 AM 11:10
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

SAMMIE L. JACKSON, )
)
Plaintiff, )
)
v. ) CV 107-118
)
COLUMBIA COUNTY DETENTION )
CENTER; CHIEF JAILOR; DEPUTY )
SHOUSE, Jailor; and CONTROL BOOTH )
OPERATOR, )
)
Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Columbia County Detention Center located in Appling, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants: (1) the Columbia County Detention Center ("CCDC"); (2) Deputy Shouse, Jailor, CCDC; (3) the Chief Jailor; and (4) the Control Booth Operator. (Doc. no. 1, pp. 1, 4). Plaintiff submits that he feared for his life when Defendant Shouse entered the A and B Max Quad Units with a loaded weapon and two clips of ammunition. (Id. at 5).

Specifically, Plaintiff alleges that on January 30, 2007, Defendant Shouse came into the A and B Max Quad Units with a gun and two extra clips. (Id.). Plaintiff explains that these Units house the most dangerous inmates in the jail. (Id.). Plaintiff contends that Defendant Shouse "willfully or recklessly and negligently ignored the posted sings and guard lines that prohibit[] weapons or ammo" from being taken into the jail. (Id.). As a result of Defendant Shouse's conduct, Plaintiff alleges that he was in fear for his life. (Id.). Plaintiff seeks monetary and injunctive relief. (Id. at 7).

## II. DISCUSSION

### A.  Plaintiff's Failure to State a Claim Pursuant to § 1983

Plaintiff's allegations are insufficient to state a claim under § 1983. At best, Plaintiff alleges that Defendant Shouse acted negligently. Although Plaintiff's contentions may support a state law tort claim, they are insufficient to show the denial of any constitutional right. "Mere negligence does not rise to the level of a constitutional tort required under 42 U.S.C. § 1983." White v. Oklahoma ex rel. Tulsa County Office of Dist. Attorney, 250 F. Supp. 2d 1319, 1329 (N.D. Okla. 2002). To illustrate, only "deliberate indifference" to inmate health or safety amounts to a violation of the Eighth Amendment. See, e.g., Farmer v. Brennan, 511

2

U.S. 825, 835-39 (1994) (explaining that Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk). Likewise, negligent conduct does not violate the Due Process Clause. See, e.g., Daniels v. Williams, 474 U.S. 327, 328, 332-33 (1986).

Here, Plaintiff merely alleges that, on one occasion, Defendant Shouse brought his loaded gun into the A and B Max Units that house the most dangerous inmates in the jail, and as a result, Plaintiff was in fear for his life. He does not allege a conscious disregard of a serious and imminent risk of harm by Defendant Shouse. Simply put, Plaintiff's allegations regarding one isolated incident of potentially negligent conduct do not give rise to a cognizable claim under § 1983. See id. at 333 ("[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution . . . ."). Therefore, Plaintiff's § 1983 claims should be dismissed.[1]

## B. Defendant Chief Jailor

While Plaintiff names the Chief Jailor as a Defendant, he does not assert any allegations of wrongdoing regarding the Chief Jailor in his statement of claims. In fact, Plaintiff does not mention the Chief Jailor anywhere in his statement of claims. On that basis alone, Plaintiff's claim against the Chief Jailor could be dismissed. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (noting that plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury").

---

[1] For the sake of argument, assuming Plaintiff had asserted a viable § 1983 claim based on the actions of Defendant Shouse, his claims against Defendants the CCDC, the Chief Jailor, and the Control Booth Operator would still fail for reasons stated *infra*. See §§ B-D.

3

However, even if the Chief Jailor had specifically been mentioned as Defendant Shouse's supervisor, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation, or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged any facts regarding the Chief Jailor, and thus, he has not demonstrated that this Defendant participated in the alleged constitutional violation.

Similarly, Plaintiff fails to allege a "causal connection" between the Chief Jailor and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[2] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'"

---

[2] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Here, Plaintiff has not alleged any facts relating to the Chief Jailor, let alone that there was a causal connection between this Defendant and the alleged constitutional violation.[3]

In sum, Plaintiff has not made any allegations concerning the Chief Jailor, let alone offered a basis upon which to support a conclusion that this Defendant may be held liable under § 1983. Accordingly, Plaintiff's claims against the Chief Jailor should be dismissed.

## C.  Defendant CCDC

Plaintiff has also sued the CCDC. Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim for relief against the CCDC. That is, Plaintiff fails to set forth any allegations that the CCDC - as an entity - is responsible for any possible constitutional violation and fails to explain how the CCDC is capable of being sued for any improper actions that are alleged to have occurred as the result of the actions of a specific individual- namely Defendant Shouse.[4]

---

[3]As noted in section II A, *supra*, Plaintiff has not even alleged a constitutional violation. Nevertheless, in an abundance of caution, the Court has addressed the *respondeat superior* issue.

[4]According to Fed. R. Civ. P. 17(b), the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every

5

Moreover, "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). In the absence of an allegation of any such connection between any actions of the CCDC with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant.

### D. Control Booth Operator

Although Plaintiff also names the Control Booth Operator as a Defendant, Plaintiff fails to mention this Defendant anywhere in his statement of claim. As such, Plaintiff has not set forth any facts alleging that this Defendant violated his rights. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (noting that plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury"). Therefore, Plaintiff has failed to state a claim upon which relief may be granted against the Control Booth Operator. Accordingly, Plaintiff's claims against the Control Booth Operator should be dismissed.

---

suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E.2d 500, 502 (1988) (quotation omitted). The Court is not aware of any applicable precedent for recognizing a jail as an entity capable of being sued. However, in a similar vein, the Court is aware that the Eleventh Circuit has ruled that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit. . . ." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); see also Bunyon v. Burke County, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (dismissing claim against police department, reasoning it was not legal entity subject to suit).

### E. Emotional and Psychological Claims

Plaintiff's claim that he is entitled to damages because Defendant Shouse's actions made him fear for his life also fails as a matter of law. When a lawsuit involves (1) a federal civil action (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody, § 1997e(e) requires a showing of more than *de minimis* physical injury in order for the plaintiff to proceed. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). In this case, Plaintiff does not contend that he suffered any physical injury resulting from Defendant Shouse's alleged actions. Consequently, Plaintiff has failed to allege facts sufficient to satisfy the mandates established by § 1997e(e). Therefore, to the extent that Plaintiff seeks damages for his fears, such claims are barred by 42 U.S.C. § 1997e(e). Accordingly, Plaintiff's emotional and psychological claims should be dismissed.

### F. Retaliation

Finally, Plaintiff claims that, while there were guards who witnessed the incident involving Defendant Shouse, he will not name them as witnesses because he fears they will retaliate against him. (Doc. no. 1, p. 6). Under the First Amendment, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). A prisoner may state a cognizable § 1983 claim by alleging that the actions of prison officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In Bennett v. Hendrix, 423 F.3d 1247

7

(11th Cir. 2005), the Eleventh Circuit clarified the standard for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights." Id. at 1254.

Here, Plaintiff merely submits a general allegation that he will refrain from naming guards who allegedly witnessed the incident involving Defendant Shouse, for fear of retaliation. Plaintiff does not allege that <u>any</u> actions were taken in retaliation for filing lawsuits and administrative grievances. In fact, Plaintiff does not proffer any facts that remotely imply the unnamed guards retaliated against him; he simply speculates that the guards would retaliate against him, if he named them as witnesses to the alleged incident involving Defendant Shouse. Therefore, Plaintiff has failed to state a viable retaliation claim.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of January, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

8